Robinson CALLEN, as Trustee of The London Trust, Plaintiff–Counter–Defendant–Appellee,

v.

FOURTEENTH CHURCH OF CHRIST, SCIENTIST NEW YORK CITY, a New York Religious Corporation, Defendant–Counter–Claimant–Appellant,

Cherry & Marshburn, LLP, Gwenerva Darling Cherry and Carlyett D. Marshburn, Defendants.

No. 03–7855.

United States Court of Appeals, Second Circuit.

Aug. 5, 2004.

Carlyett D. Marshburn, Cherry & Marshburn, LLP, New York, NY, for Appellant.

Frederic C. Weiss, Brooklyn, NY, for Appellee.

Present: POOLER, SACK, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Fourteenth Church of Christ, Scientist ("Fourteenth Church") appeals from the district court's July 31, 2003, grant of summary judgment in favor of Robinson Callen ("Callen") and its corresponding award of pre-judgment interest. Callen requests attorney's fees pursuant to Fed. R.App. P. 38.

We review a district court's grant of summary judgment de novo. *Building Trades Employers' Educ. Ass'n v. McGowan*, 311 F.3d 501, 507–508 (2d Cir.2002). Furthermore, New York law provides that the interpretation of a contract is a matter of law for the court, which may be proper-ly decided at summary judgment. *K. Bell & Assoc. v. Lloyd's Underwriters*, 97 F.3d 632, 637 (2d Cir.1996). We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues and affirm for the following reasons:

■ (1) Fourteenth Church argues that the district court improperly combined paragraphs nine and ten of the rider to the contract of sale to expand Callen's rights under the agreement. Paragraph nine provides that Callen may "conduct due diligence regarding zoning, .... or any other issue relating to the ownership or operation of the premises." Paragraph ten provides that where Callen "is dissatisfied at [his] sole determination, with the results of any review, inspection, test, investigations and assessments, [he] may cancel this Contract of Sale by written notice delivered to Seller's attorney within three (3) business days after the expiration of the due diligence period." The district court properly concluded that these two paragraphs gave Callen an extremely broad right to terminate the agreement, so long as he conformed with the notice requirements set forth in paragraph ten. New York law provides that where termination clauses exist, they will be enforced as written, and we see no reason to deviate from that principle here. *See New York Tel. Co. v. Jamestown Tel. Corp.*, 282 N.Y. 365, 372–73, 26 N.E.2d 295 (1940).

■ (2) Fourteenth Church insists that paragraph ten of the rider to the contract of sale required Callen to specify his dissatisfaction with the result of a review or test in his notice of termination. We do not find that the language of this paragraph supports this interpretation.

■ (3) Fourteenth Church contends that the implied covenant of good faith and fair dealing required Callen to set forth his

specific due diligence concerns in his notice of cancellation. It is true that every New York contract contains such an implied covenant. *Carvel Corp. v. Diversified Mgmt. Group, Inc.,* 930 F.2d 228, 230 (2d Cir.1991). However, we do not find that Callen's failure to notify Fourteenth Church of the specific due diligence issue that led him to terminate the agreement was a breach of the implied covenant of good faith and fair dealing.

■ (4) Fourteenth Church argues that New York law does not recognize conditional notices of cancellation. Fourteenth Church relies on *Silberzweig v. New York Property Insurance Underwriting Ass'n,* 59 A.D.2d 737, 398 N.Y.S.2d 571 (2nd Dep't 1977), to support this position. However, *Silberzweig* deals with the termination of an insurance policy and cannot be read any more broadly than that. Thus we see no impediment to a party using a conditional notice to cancel a contract.

■ (5) Fourteenth Church contends that the district court lacked authority to award interest to Callen under N.Y. C.P.L.R. 5001(a) because it was not an award of a sum, but a release of funds that were being held in escrow. However, Callen's action for breach of contract explicitly sought damages and the fact that the money was being held in an escrow account does not prevent the district court's action from being interpreted as an award of a sum.

■ We decline to award Callen legal fees pursuant to Fed. R.App. P. 38, as Fourteenth Church's appeal is not frivolous.